E-FILED
Monday, 26 October, 2026 10:12:03 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) Case No. 24-CR-10018
)
TAVIER WILLIAMS, )
)
Defendant. )

**PROTECTIVE ORDER REGARDING PRODUCTION**
**OF DISCOVERY MATERIALS TO DEFENDANT**

THIS MATTER COMING BEFORE THIS COURT upon the joint motion of the United States and Defendant pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure for a protective order to expedite the preparation and resolution of this case, as well as to protect the confidentiality and privacy of discovery documents, the Parties have requested that this Court enter a protective order regarding copies of discovery materials provided directly to the represented Defendant, Tavier Williams, by the United States, and the Court being fully advised in the premises,

THIS COURT HEREBY FINDS that it will serve the administration of justice for the United States, at the Defendant's request, to provide appropriate discovery materials directly to the Defendant, despite there being no

requirement to do so under Rule 16 of the Federal Rule of Criminal Procedure, applicable statutes, or the Constitution of the United States; and that it has weighed the need of the Defendant to personally review pretrial discovery materials, outside of the presence of Defendant's counsel, with the interest of the United States in preserving the safety of its witnesses and confidential information related to personal identity, financial, contact, health, and/or tax information;

IT IS THEREFORE ORDERED that the United States may provide appropriate discovery materials directly to the represented Defendant. The United States shall have full and complete discretion to determine the discovery materials that are appropriate to be produced directly to the Defendant, including appropriate redactions of that material, and what materials should be withheld. No cause of action shall lie related to the United States' exercise of its authority in this regard. All discovery produced directly to the Defendant shall be specifically watermarked with the Defendant's name. Tampering, removing, or in any way altering the watermark shall be a violation of this order and punishable as contempt.

IT IS FURTHER ORDERED THAT **a**ny discovery materials provided to the defendant pursuant to this Order (1) shall not be disseminated to any person or

used for any purpose other than in direct relationship to the criminal case to which the discovery materials pertain; (2) shall not be photocopied, recorded, imaged, duplicated, printed, or otherwise copied, and must be left in the digital form provided and not altered in any manner; (3) shall not be given to, or left in the possession of, anyone other than the Defendant or Defendant's counsel, except to the extent that the Defendant is required to leave the discovery in a designated location by jail or other correctional institution staff; and (4) shall not be shown to or shared with anyone other than the Defendant and Defendant's counsel. This Order shall apply to all materials in any form, including paper and electronic form, as well as any paper copies created by or provided by defense counsel.

IT IS FURTHER ORDERED that Defendant shall be afforded electronic access to pre-trial discovery in this cause pursuant to the terms and conditions set forth in the four-page "Jail Discovery Authorization Form" attached hereto. Defendant's electronic access to pretrial discovery in this cause is expressly conditioned on: (1) the ongoing compliance at all times by Defendant with the policies and procedures established by this Court; and (2) the ongoing willingness of the correctional institution to afford Defendant electronic access to the pretrial discovery pursuant to the policies and procedures established by this

Court. Should security concerns arise with respect to Defendant's access to pretrial discovery, that access can be temporarily suspended without leave of Court but with notice to Defendant's counsel.

Nothing in this order shall restrict, modify, or otherwise impact the discovery obligations of the United States as they extend to the Defendant's counsel.

IT IS FURTHER ORDERED that any violation of this Order may result in contempt proceedings before this Court.

ENTERED this 26th day of October 2026.

s/ Jonathan E Hawley
Jonathan E. Hawley
United States District Judge

STIPULATED TO:

/s/ Tavier Williams
Tavier Williams
Defendant

/s/ Michael Doubet
Michael Doubet
Counsel for Defendant